UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO.  7:12-CR-6-KKC-6

UNITED STATES OF AMERICA,                                                      PLAINTIFF,

V.                          **AMENDED RECOMMENDED DISPOSITION**

LUTHER BAKER,                                                              DEFENDANT.

The defendant, Luther Baker, appeared before the undersigned on November 17, 2021, for a final revocation hearing on charges of violating supervised release.  The charges at issue are contained in a violation report dated November 5, 2021, and an addendum dated November 8, 2021.  At the final hearing, the defendant was present and represented by counsel.  He expressed his desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing.  In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment.  Then, in the presence of and with the advice of counsel, he admitted to violating the following conditions as charged in a knowing, intelligent, and voluntary way. The violations have therefore been established by a preponderance of the evidence.

**Violation #1**

**Condition of Supervision: You must not commit another federal, state or local crime.**

On May 12, 2021, Baker was arrested by the Kentucky State Police in Pike County, Kentucky and charged with Possession of a Controlled Substance, 1st Degree, 1st Offense, Methamphetamine in violation of KRS 218A.14.15 under case number 21F00340 in Pike County District Court. Baker was released that same day on a $2000 surety bond.

On July 14, 2021, Baker was indicted in Pike County Circuit Court case number: 21CR353, and charged with, Count I: Possession of a Controlled Substance 1st Degree, when he knowingly possessed a quantity of methamphetamine in violation of KRS 218A.1415, a Class D Felony. The indictment charges are based on the conduct from the May 12, 2021, arrest.

On July 19, 2021, Kentucky State Police Forensic Laboratories concluded the substance retrieved from Baker on May 12, 2021 was methamphetamine.

During the hearing of November 17, 2021, Baker admitted to his possession of methamphetamine on May 12, 2021. **This is a Grade B Violation.**

**Violation #2**

> **Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician.**

During the hearing on November 17, 2021, Baker admitted to his use of methamphetamine in the days between late September and late October 2021. On October 6, 2021, a sweat patch was placed on Baker in an effort to detect and deter drug use. On October 18, 2021, the sweat patch was removed and sent to Clinical Reference Laboratory for analysis. October 25, 2021, the probation office received results confirming positive for methamphetamine. **This is a Grade C Violation.**

**Violation #3**

> **Standard Condition #9: The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

When advised of the positive result set out above, Baker adamantly denied any use of methamphetamine. However, he did advise he was around people who abuse methamphetamine; specifically, his brother, who comes and goes from his mother's home. Baker further stated, "It could be possible that I swiped my hands across a table or something like that, and put my hands in my mouth." Use of methamphetamine is a criminal act. Based on Baker's comments provided to this officer on October 25, 2021, regarding his associations with persons using methamphetamine, it puts Baker in violation of the standard condition noted. **This is a Grade C Violation.**

**Violation #4**

> **Condition of Supervision: You must not commit another federal, state or local crime.**

> **Condition of Supervision: You must not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled**

**substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

Methamphetamine is a Schedule II Controlled Substance pursuant to the Controlled Substances Act. Due to the defendant's prior drug conviction, and with the Sixth Circuit Court of Appeals' ruling that Baker's use of methamphetamine is the equivalent of possession, simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E Felony. **This is a Grade B Violation.**

## RECOMMENDED SENTENCE

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of

18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated, and imposed.

The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

3

## II.

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant.

Baker is 53 years of age. He was born in Pike County, Kentucky and was raised in eastern Kentucky. He was raised in a stable environment without any abuse, and maintains a close relationship with his family members.  He withdrew from high school in order to enter the work force.  He relates being in good physical condition, but suffers from hypertension, diabetes, and chronic pain due to a motor vehicle accident.  He relates no current mental or emotional health issues, although he has been diagnosed with depression, and anxiety, back pain and hypertension. He relates a history of abusing prescription opiates.

On June 5, 2013, he appeared before the Court for sentencing following a plea of guilty to a violation of 21 U.S.C. § 846: Conspiracy to Distribute Oxycodone. Baker was sentenced to a period of imprisonment for fifty-one months to be followed by a ten-year term of supervised release.  He was released to supervision in this case on  June 12, 2015.

## III.

In considering the kind of sentences that are available in this action, the Court considers both the recommended guideline range and any controlling statutory penalties.  Pursuant to U.S.S.G. §7B1.4(a), and in light of the charged Grade B Violations and Criminal History Category of II, the Guidelines recommend a range of imprisonment between 6-12 months in this case. The maximum authorized term of supervised release is not more than 24 months, and there is no maximum term of supervised release that can be imposed.

The defendant and the United States ask the Court to revoke Baker's supervision and impose a period of 12 months of incarceration with no supervision to follow.

4

In fashioning a recommendation in the case, the Court considers the information above, the fact that these violations involve the abuse of substances, and associating with others actively engaged in substance abuse. Now, to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision and incarceration for a period of (12) twelve months is appropriate with no supervision to follow. The period of incarceration is at the high end of the recommended guidelines range and satisfies that statutory consideration of a penalty not greater than necessary to provide just punishment, afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. In addition, the undersigned will recommend that no further supervision be imposed upon release from incarceration, as no further efforts to aid Baker would assist him in making a successful transition to productive society.

## CONCLUSION

The facts upon which the Court recommends finding that the Defendant violated supervised release as established by his own admission, and therefore the violations have been proven by a preponderance of the evidence. The undersigned further recommends:

(1) That the Defendant be found guilty of all violations as set out in this opinion.

(2) That his supervision be REVOKED.

(3) That he be sentenced to a term of incarceration for 12 months with no supervision to follow.

(4) That should Baker file a waiver of allocution into the record within fourteen days evidencing the knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If Baker desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Karen Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d

5

628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed December 9, 2021.



**Signed By:**

**_Edward B. Atkins_**

**United States Magistrate Judge**